GROSS, J.
Appellant is a fourteen-year-old who was placed on juvenile probation for misdemeanor battery. He pled no contest to violating his probation and was sentenced to attend and complete a level six program. The sentencing order stated: “The placement is for an indeterminate period, but no longer than one year or the child’s 19th birthday, or as expected [sic] in section 985.201(4)(b)l and 2.” Appellant’s timely motion to correct the sentencing order was denied.
The sentencing order fails to reflect that appellant cannot be placed in the care of the Department of Juvenile Justice (“DJJ”) beyond the one-year maximum sentence that applies to misdemeanor battery.
Section 985.231(l)(a) l.a., Florida Statutes (2001), provides that when the circuit court commits an adjudicated delinquent child to the DJJ for placement, “the duration of such supervision or program ... may not exceed the term for which sentence could be imposed if the child were committed for the offense.... ” The statute further states that “[a]ny commitment of a child to a program or facility ... must be for an indeterminate period of time, but the time may not exceed the maximum term of imprisonment that an adult may serve for the same offense.” § 985.231(l)(a) 8. The disposition order must clearly articulate the maximum length of commitment. See J.B. v. State, 829 So.2d 376, 377-78 (Fla. 4th DCA 2002).
The problem with the sentencing order in this case is that it could be interpreted as permitting commitment until the child reached the age of nineteen, well past the one-year maximum length of commitment for a first-degree misdemeanor. Id. at 378; see also L.W.G. v. State, 785 So.2d 696 (Fla. 4th DCA 2001) (“[Language committing a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense.”).
The state contends that E.J.R. v. State, 722 So.2d 970 (Fla. 4th DCA 1999) is on point. There, we remanded a disposition order for correction. We wrote that an amended order “should be corrected to reflect that the maximum term of community control that can be imposed on [the child] is one year, which is the maximum term an adult could serve for the same offense, or the date of [the child’s] nineteenth birthday, whichever occurs first.” Id. (emphasis added).
The state argues that the disposition order here “is virtually identical” to the one required in E.J.R. However, neither the disposition order nor the order denying the motion to correct sentence specified that the maximum term of commitment was no greater than one year. The limiting phrase in E.J.R., “whichever occurs first,” does not appear in the orders involved in this case.
*525 We reverse the disposition order to correct the sentence so that it is clear that the sentence shall not exceed one year, with appropriate credits. The new disposition order shall be entered nunc pro tunc to the date of the original order.
REVERSED.
WARNER and KLEIN, JJ., concur.