SCHWARTZ, Senior Judge.
This is an appeal from an order finding the appellant delinquent, but withholding adjudication. On the merits, we affirm the determination that S.F. committed a simple battery, as a lesser included offense of the charged offense of burglary with a battery. See Williams v. State, 957 So.2d 595, 599 (Fla.2007); Fla. R. Juv. P. Rule 8.110(j)(2), Florida Statutes (2008).
The respondent’s challenge to several of the items of the court costs assessed below, however, has considerable merit. First, we agree that the $20 crimes prevention program cost, see section 775.083(2), Florida Statutes (2009), does not apply to juvenile withholds of adjudication like this. See J.Z. v. State, 46 So.3d 1218 (Fla. 4th DCA 2010); J.S. v. State, 19 So.3d 380 (Fla. 2d DCA 2009); T.L.S. v. State, 949 So.2d 290, 292 (Fla. 5th DCA 2007). On the same ground, neither the $65 additional court cost nor the $85 temporary criminal surcharge authorized by Section 939.185(l)(a)-(b), Florida Statutes (2009), may be assessed. See J.W.J. v. State, 994 So.2d 1223, 1227 (Fla. 1st DCA 2008); M.D.J. v. State, 936 So.2d 774, 775 (Fla. 5th DCA 2006); T.L.S., 949 So.2d at 292-93. This is also true as to the $3 teen courts fee, see section 938.19, Florida Statutes (2009), which also fails because Miami-Dade. County has not, as section 938.19 requires, specifically elected to apply the cost to delinquencies. See Miami-Dade County, Fla., Code of Ordinances, § 98- *117 185; EM. v. State, 53 So.3d 1236 (Fla. 3d DCA 2011); E.J. v. State, 912 So.2d 382 (Fla. 2nd DCA 2005).
Affirmed in part; stricken in part.