PER CURIAM.
C.J.T. is a minor who was fourteen years old when placed on juvenile probation for the misdemeanor offense of making a false report to a law enforcement officer of an alleged crime, in violation of section 817.49, Florida Statutes (2010). The trial court made CJ.T.’s term of probation indeterminate, not to exceed his nineteenth birthday. C.J.T. has preserved his argument that the disposition is illegal by first filing a timely motion to correct disposition error with the trial court, pursuant to Florida Rule of Juvenile Procedure 8.135(b). The trial court did not rule on the motion in time, so the motion is deemed denied. See Fla. R. Juv. P. 8.135(b)(1)(B).
Section 985.455(3), Florida Statutes (2010), provides, “Any commitment of a delinquent to the department must be for an indeterminate period of time ...; however, the period of time may not exceed the maximum term of imprisonment that an adult may serve for the same of-fense_” As we held in J.A. W. v. State, 873 So.2d 523, 524 (Fla. 4th DCA 2004), “The problem with the sentencing order in this case is that it could be interpreted as permitting commitment until the child reached the age of nineteen, well past the one-year maximum length of commitment for a first-degree misdemeanor.” Thus, *1140 we reverse the disposition order with instructions to the trial court to correct the sentence so it is clear that probation shall not exceed one year. The new disposition order shall be entered nunc pro tunc to the date of the original order.

Reversed and remanded with instructions.

CIKLIN, GERBER and CONNER, JJ., concur.