WARNER, J.
A juvenile appeals his disposition order and sentence. The state concedes that the trial court failed to include the mandatory requirements for disposition orders contained in Florida Rule of Juvenile Procedure 8.115(d).[1] The state also concedes that the disposition order contains an error by adjudicating the child guilty of grand theft instead of petit theft. We thus reverse and remand for the trial court to enter a corrected disposition, which must include the child’s age, the proper disposition for each count, degree of the offenses and the maximum terms. The order should be entered nunc pro tunc to the date of the original disposition.
In addition, the state also concedes that the imposition of the $2 teen court fee was unauthorized. Section 938.19(l)-(2), Florida Statutes (2011), provides that “in each county in which a teen court has been created, the board of county commissioners may adopt a mandatory court cost to be assessed ... 2) ... against each person ... adjudicated delinquent.” In this case, at the time of disposition, the Broward Board of County Commissioners had not amended its ordinance assessing additional fees, pursuant to section 938.19, Florida Statutes (2011), to include a reference to juvenile delinquency cases. We therefore reverse for deletion of that fee.[2] See S.F. v. State, 56 So.3d 116, 116 (Fla. 3d DCA 2011).
Finally, the child notes that the court set a restitution hearing during the pendency of this appeal, but there is no restitution order in this record, nor has one been appealed. The issue is therefore not before us. If the court acted without jurisdiction, it can be remedied by appealing that order.

Reversed and remanded for further proceedings in accordance with this opinion.

GROSS and LEVINE, JJ., concur.

. The child pointed this out to the trial court in a Rule 8.135(b)(2) motion pending appeal. Unfortunately, the trial court did not rule on the motion within, thirty days, as required in the rule, and the motion is deemed denied. Fla. R. Juv. P. 8.135(b)(1)(B), (2)(B); see, e.g., C.J.T. v. State, 76 So.3d 1139, 1139 (Fla. 4th DCA 2012). The court’s subsequent ruling is a nullity, because the court lacked jurisdiction. O.H. v. State, 948 So.2d 79, 80 (Fla. 2d DCA 2007).

. This too was corrected by the trial court, but its order was untimely pursuant to Rule 8.135 and thus was a nullity.