WARNER, J.
B.G., a juvenile, appeals an order adjudicating him delinquent. He argues the disposition order should be corrected because it fails to list his age, the degree of offenses, and the statutory maximum for the offenses, and also improperly assessed him a fee for teen court. Because this information is essential to determining the appropriate length of a juvenile commitment, we agree that the order is deficient. Although B.G. finished his secure detention prior to the issuance of this opinion, we address the issue because it is capable of repetition yet evading review. See N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla.2000) (noting the case “became moot ... when the six months of community control expired. However, because periods of supervision or community control may expire before a case may be reviewed, this case presents a controversy capable of repetition, yet evading review, which should be considered on its merits”).[1]
Florida Rule of Juvenile Procedure 8.115(d) provides, in relevant part, that a disposition order shall state: (1) “the name and age of the child”; and (2) “the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition.” This court has held that a “disposition order must specify the period of commitment imposed by the court.” Q.K. v. State, 945 So.2d 650, 651 (Fla. 4th DCA 2007) (quoting S.B. v. State, 834 So.2d 964 (Fla. 2d DCA 2003)); see *549 also J.A.W. v. State, 873 So.2d 523, 524 (Fla. 4th DCA 2004) (“The disposition order must clearly articulate the maximum length of commitment.”).
The disposition order committing B.G. failed to specify the statutory maximum for the offenses, as well as his age. Thus, it is impossible to tell, from the face of the order, the maximum length of B.G.’s commitment. It is not possible to determine the statutory maximum by referring to the statutes either, since the order simply lists “grand theft,” which could refer to a first, second, or third degree felony. See § 812.014(2), Fla. Stat. (2011).
We thus reverse for correction of the disposition order to conform to the requirements of the rule. We also direct that the assessment for teen court costs be deleted in the amended disposition. See C.C. v. State, 127 So.3d 685, 685 (Fla. 4th DCA 2013).
FORST and KLINGENSMITH, JJ„ concur.

. As a practical matter, B.G. alleges the error is likely to recur in Broward County because "[u]nlike other counties, critical data (such as the áppellant’s age, the exact charge per statute, and the maximum penalty under law) is not automatically merged into the document by a computerized data-processing system” because the disposition orders "are handwritten by a courtroom clerk.”