DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P.R.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1033

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 14-5228DLA.

Howard Finkelstein, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Catherine Linton, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

P.R., a minor, appeals the trial court's order modifying his sentence to include a requirement that P.R. submit to hepatitis and HIV testing. P.R. argues that the court impermissibly used Florida Rule of Criminal Procedure 3.800(c) as a backdoor mechanism to impose hepatitis and HIV testing when it was not permitted to do so under section 960.003 of the Florida Statutes. We agree and reverse.

P.R. was charged with first degree misdemeanor battery after he spit on a county bus driver. P.R. entered a plea of no contest to the charge. The court withheld adjudication and sentenced P.R. to probation. The court's disposition order did not require P.R. to submit to any hepatitis or HIV testing.

After the court issued its disposition, the state filed a "Motion to Have the Defendant Tested for Hepatitis and HIV" pursuant to section 960.003 of the Florida Statutes. P.R. moved to strike the state's motion, arguing that section 960.003 did not permit the relief requested as the state did not request testing before sentencing and P.R. was not adjudicated

delinquent. The state later refiled its motion as a "Motion to Modify Sentence" under Florida Rule of Criminal Procedure 3.800.

The court ruled that while it could not order hepatitis and HIV testing under section 960.003, it could order the testing under Florida Rules of Criminal Procedure 3.800(c). Accordingly, the court entered a modified disposition including the requirement that P.R. submit to testing pursuant to section 960.003.

The State concedes that the court's utilization of Rule 3.800(c) was improper, but argues that the ordered testing was permissible under section 960.003 and, therefore, urges us to affirm under the tipsy coachman doctrine.[1]

Section 960.003 of the Florida Statutes is located within the Victim Assistance chapter of the criminal code and is titled "Hepatitis and HIV testing for persons charged with or alleged by petition for delinquency to have committed certain offenses; disclosure of results to victims." § 960.003, Fla. Stat. (2014). The statute provides for testing before and after final disposition. The predisposition subsection provides in pertinent part:

> In any case in which a person has been charged by information or indictment with or alleged by petition for delinquency to have committed any offense enumerated in s. 775.0877(1)(a)-(n), which involves the transmission of body fluids[2] from one person to another, upon request of the victim or the victim's legal guardian, or of the parent or legal guardian of the victim if the victim is a minor, the court shall order such person to undergo hepatitis and HIV testing within 48 hours after the information, indictment, or petition for delinquency is filed.

§ 960.003(2)(a), Fla. Stat. The post-disposition subsection provides:

> If, for any reason, the testing requested under subsection (2) has not been undertaken, then upon request of the victim or

---

[1] Rule 3.800(c) only permits the court to modify a sentence to "include any of the provisions of chapter 948." Chapter 948 deals with probation and community control. The HIV and hepatitis testing statute is located in chapter 960. Thus, the court did not have the authority to order testing under Rule 3.800(c).

[2] Whether the act of spitting on someone qualifies as "the transmission of body fluids" for purposes of section 960.003 was not raised as an issue in this appeal. Thus, nothing in this opinion should be read as a comment on that issue.

the victim's legal guardian, or the parent or legal guardian of the victim if the victim is a minor, the court shall order the offender to undergo hepatitis and HIV testing following conviction or <u>delinquency adjudication</u>.

§ 960.003(4), Fla. Stat. (emphasis added).

As the State did not request that P.R. be tested before final disposition, our inquiry is limited to whether section 960.003(4) authorizes victim requested testing for a juvenile who pleaded to a qualifying offense but was not adjudicated delinquent.

The guide for statutory construction is legislative intent, which must be determined primarily from the language of the statute. *Hale v. State*, 891 So. 2d 517, 521 (Fla. 2004). Generally, "[w]hen a statute is clear, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent" insofar as this would constitute an abrogation of legislative power. *State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004).

The plain language of section 960.003(4) provides for testing following "delinquency adjudication." While the term "delinquency adjudication" is not defined in chapter 960, case law establishes that statutory reference to a juvenile who has been adjudicated delinquent does not encompass a juvenile for whom adjudication has been withheld. *N.W. v. State*, 767 So. 2d 446, 450 (Fla. 2000) (statute providing time restrictions for community control in cases where the juvenile was adjudicated delinquent did not apply to cases where adjudication was withheld); *R.F. v. State*, 42 So. 3d 333, 335 (Fla. 2d DCA 2010) (holding that a statute authorizing costs against a person who is "adjudicated delinquent" did not authorize costs "when the court withholds adjudication of delinquency."). The same reasoning applies equally to the instant case.

More to the point, had the legislature wanted the statute to apply to those cases where the court withheld adjudication, it would have, and should have, said so. *N.W.*, 767 So. 2d at 450–51. It did not and, therefore, P.R. could not be compelled to undergo testing under section 960.003(4) after the court withheld adjudication.

*Reversed.*

WARNER AND MAY, JJ., concur.

\* \* \*

3

*Not final until disposition of timely filed motion for rehearing.*