Gerber, J.
The juvenile appeals from the circuit court’s finding of guilt for which the court withheld an adjudication of delinquency. The juvenile argues the court erred in two respects: (1) by denying the juvenile’s motion for judgment of dismissal based on insufficient evidence; and (2) by assessing a teen court cost where state law does not permit a court to assess that cost when adjudication is withheld in a juvenile case.
On the first argument, we affirm without further discussion. On the second argument, we reverse. Section 938.19, Florida Statutes (2015), states, in pertinent part:
(1) ... [I]n each county in which a teen court has been created, the board of county commissioners may adopt a mandatory court cost to be assessed in specific cases by incorporating by reference the provisions of this section in a county ordinance....
(2) A sum of up to $3 shall be assessed as a court cost in the circuit and county court in the county against each person who pleads guilty or nolo contendere to, or is convicted of, regardless of adjudication, or adjudicated delinquent for a violation of a criminal law, a delinquent act, or a municipal or county ordinance, or who pays a fine or civil penalty for any violation of chapter 316....
(emphasis added).
Broward County has created a teen court, for which a $2 teen court cost may be assessed under section 938.19’s authority. However, applying section 938.19(2)’s plain language, because the circuit court did not adjudicate the juvenile as delinquent, the court could not assess the teen court cost upon the juvenile. Cf. P.R. v. State, 183 So.3d 1163, 1165 (Fla. 4th DCA 2016) (“[Cjase law establishes that statutory reference to a juvenile who has been adjudicated delinquent does not encompass a juvenile for whom adjudication has been withheld.”) (citations omitted); R.F. v. State, 42 So.3d 333, 335 (Fla. 2d DCA 2010) (‘We note that effective July 1, 2007, the legislature amended section 939.185 to apply specifically to an adjudication of delinquency. However, the amended statute does not provide for the imposition of the cost when the court withholds adjudication of delinquency.”) (internal citation omitted).
The state argues that the court could assess the teen court cost upon the juvenile pursuant to the Broward County ordinance which, according to the state, authorizes the assessment of a teen court cost upon juveniles whose adjudications are withheld. The Broward County ordinance states, in pertinent part:
A sum of Two Dollars ($2.00) shall be assessed as a court cost in' the Circuit and County Court in Broward County against each person (i) who is convicted of, or pleads guilty or nolo contendere (no contest) to, violation of a criminal law, a delinquent act, or a municipal or county ordinance, regardless of whether adjudication is withheld-, (ii) who pays a fine or civil penalty for any violation of Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law; or (iii) who is adjudicated delinquent.
*457 Broward Cnty. Ord. No. 2013-20, § 1, 4-9-13, Sec. 10-5 (emphasis added).
We disagree with the state’s argument. Although the Broward County ordinance's organized differently than section 938.19(2), we interpret the plain meaning of both section 938.19(2) and the Broward County ordinance to mean the same thing—a court cannot assess the teen court cost upon a juvenile unless the , court has adjudicated the juvenile as delinquent.
Even if the state’s argument is correct that the Broward County ordinance authorizes the assessment of the teen court cost upon a juvenile whose adjudication of delinquency is withheld, we would be compelled to reverse the assessment of the teen court cost. In Thomas v. State, 614 So.2d 468 (Fla. 1993), our supreme court held: “While a municipality may provide a penalty less severe than that imposed by a state statute, an ordinance penalty may not exceed the penalty imposed by the state.” Id. at 470 (emphasis added; citation omitted). Thus, if the Bro-ward County ordinance authorizes the assessment of the teen court cost upon a juvenile whose adjudication of delinquency is withheld, such a penalty would exceed the penalty imposed by section 938.19(2), which requires an adjudication of delinquency.
Based on the foregoing, we affirm the circuit court’s finding of guilt and withhold of adjudication of delinquency, but reverse the assessment of the teen court cost. We remand for the court to correct its disposition order accordingly.

Affirmed in part, reversed in part, and remanded for correction of disposition order.

Taylor and Klingensmith, JJ., concur.