# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-398
Lower Tribunal No. 15-2542
_____

**H.S., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria De Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and LUCK, JJ.

SCALES, J.

H.S., a juvenile, appeals the denial of his Florida Rule of Juvenile Procedure 8.135(b)(2) motion to correct a disposition error.  Because section 939.185(1)(a) of the Florida Statutes (2015) does not authorize a Florida county to adopt an ordinance imposing an additional $65 court cost where a juvenile court sustains the allegations in the juvenile delinquency petition, but adjudication of delinquency is withheld, we reverse and remand with directions that the $65 in additional court cost be stricken from H.S.'s disposition.

On September 25, 2015, the State filed a petition for delinquency against H.S., charging H.S. with one count of trespass on school property with a weapon, and one count of possession of a weapon on school property.  Following an adjudicatory hearing, the juvenile court found that H.S. committed the second offense but withheld adjudication of delinquency.  The disposition order imposed $65 as an additional court cost in accordance with Miami-Dade County Ordinance 04-116, adopted pursuant to section 939.185(1)(a).[1]

---

[1] The statute provides, in relevant part:

> The board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, **or adjudicated delinquent for**, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state. . . . .

§ 939.185(1)(a), Fla. Stat. (2015) (emphasis added).  The Miami-Dade County Ordinance implementing section 939.185(1)(a) is broader than the statute as to juvenile withholds of adjudication, imposing $65 as an additional court cost in

2

H.S. thereafter moved to correct the disposition under rule 8.135(b)(2), arguing that the statute authorizing Florida counties to impose an additional court cost of up to $65 did not authorize the imposition of that additional cost when, as here, the trial court withholds adjudication of delinquency despite sustaining the allegations in the juvenile delinquency petition. H.S.'s motion was deemed denied when the trial court failed to file an order ruling on the motion within thirty days. See Fla. R. Juv. P. 8.135(b)(1)(B), (b)(2)(B).

We agree with H.S. While section 939.185(1)(a) does authorize Florida counties to adopt an ordinance imposing an additional court cost of up to $65, that authorizing statute clearly and unambiguously schedules those adjudications and dispositions to which any such additional court cost applies. Specifically, a county may impose the additional surcharge "when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense . . . ." § 939.185(1)(a), Fla. Stat. (2015). The statute simply does not authorize the surcharge when, as here, a juvenile is found to be delinquent, but adjudication is withheld.

This Court has previously found the statute does not apply to juvenile withholds of adjudication. S.F. v. State, 56 So. 3d 116, 116 (Fla. 3d DCA 2011); see also R.F. v. State, 42 So. 3d 333, 335 (Fla. 2d DCA 2010) (noting that while

juvenile cases "regardless of whether adjudication is withheld." Code of Miami-Dade County, Fla. § 04-116.

3

the Florida Legislature amended section 939.185 in 2007 to apply it specifically to an adjudication of delinquency, "the amended statute does not provide for the imposition of the [additional] cost when the court withholds adjudication of delinquency"). Moreover, Florida courts have routinely held that, absent express authorization, a local ordinance may not impose a penalty that exceeds the statutory penalty. See, e.g., F.F. v. State, 218 So. 3d 455, 457 (Fla. 4th DCA 2017) ("'[A]*n ordinance penalty may not exceed the penalty imposed by the state.'"* . . . Thus, if the Broward County ordinance authorizes the assessment of the teen court cost upon a juvenile whose adjudication of delinquency is withheld, such a penalty would exceed the penalty imposed by section 938.19(2), which requires an adjudication of delinquency." (quoting Thomas v. State, 614 So. 2d 468, 470 (Fla. 1993))); Mitchell v. State, 789 So. 2d 1043, 1044 (Fla. 1st DCA 2001) ("Although Bay County Ordinance 94-06 provides for a service charge in addition to the amount authorized by the Florida Legislature, the trial court could not require the appellant to pay more than what the legislature has authorized.").

Accordingly, because we find the juvenile court's imposition of a $65 additional court cost was not authorized under section 939.185(1)(a), we reverse and remand with directions that the costs be stricken.[2]

_____

[2] In so holding, we reject the State's contention that our prior precedent is somehow "irreconcilable with the plain language of section 939.185(1)(a) and well-established law." On the contrary, interpreting the statute as the State would have us read it—i.e., that the Florida Legislature intended the phrase "found guilty

Reversed and remanded.

---

of" in section 939.185(1)(a) to apply to a juvenile who the juvenile court finds committed a delinquent act, but is not adjudicated delinquent—would render the phrase "adjudicated delinquent for" in the statute unnecessary and meaningless. See Johnson v. Feder, 485 So. 2d 409, 411 (Fla. 1986) ("We are compelled by well-established norms of statutory construction to choose that interpretation of statutes and rules which renders their provisions meaningful. Statutory interpretations that render statutory provisions superfluous 'are, and should be, disfavored.'" (quoting Patagonia Corp. v. Bd. Of Governors of the Fed. Reserve Sys., 517 F. 2d 803, 813 (9th Cir. 1975))). That is to say, if the legislature intended that the additional court cost be imposed based solely upon the juvenile court finding that the juvenile committed a delinquent act, there was no need for the legislature to include the phrase "adjudicated delinquent for" in the statute.

5